Al-Muhammad v. Leonard 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-016-CV

     RASHAAD H. AL-MUHAMMAD AKA ROBERT H. HELM,
                                                                                              Appellant
     v.

     RAYMOND LEONARD, ET AL.,
                                                                                              Appellees
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28,181
                                                                                                    

O P I N I O N
                                                                                                    

      Rashaad H. Al-Muhammad, a prison inmate, brought a pro se action in forma pauperis
against the Hughes Unit of the Texas Department of Criminal Justice—Institutional Division and
a number of its employees.


 The trial court dismissed the action against Raymond Leonard,
Jimmy D. Wilcox, Charlie Streetman, Craig Manning, Delphis Benios, Raul Mata, Luann Tippitt,
Gary Hull, Carolyn Calabro-Young, and Jackson Garner, finding that the action is frivolous and
malicious as to those defendants because the claims against them have no arguable basis in law or
in fact.


 The action against the dismissed defendants was severed from the original cause. 
Following a motion to reinstate, which was overruled by operation of law, Al-Muhammad appeals. 
Because we conclude that the trial court did not abuse its discretion in dismissing the action against
the named defendants, we affirm.
      In point one Al-Muhammad contends that the trial court abused its discretion in dismissing
the action against the named defendants because he stated a claim against each defendant which
has an arguable basis in law and fact. The trial court should be allowed broad discretion when
determining whether a suit filed pursuant to Rule 145 should be dismissed as frivolous or
malicious under section 13.001.



      Al-Muhammad's original petition raised ten causes of action. Under point one of his brief,
he argues that the court abused its discretion in dismissing his third, fourth, fifth, sixth, seventh,
and tenth causes of action against the named defendants. We will address each cause separately. 
We note, however, that several of the causes of action also name defendants who were not
dismissed, and are, therefore, not parties to this appeal. As a result, we will discuss the propriety
of the dismissal of the enumerated causes only as they relate to the named defendants who were
dismissed from the original action.
      Al-Muhammad's fourth cause of action alleges a civil conspiracy and a conspiracy to violate
his equal protection rights. He alleged that on October 20, 1993, several of the defendants who
were not dismissed from the action planted a homemade shank in his cell to falsely charge him
with and unjustly punish him for possession of a weapon. He also alleged that "in furtherance of
said conspiracy defendants Leonard and Wilcox failed/refused to properly conduct investigation
into said 'false' shank charge." However, Al-Muhammad failed to show any conspiracy on the
part of Leonard and Wilcox.


 Furthermore, whatever actions Leonard and Wilcox took with
regard to such an investigation were discretionary actions, and, therefore, quasi-judicial in nature.


 
Because Al-Muhammad failed to allege that Leonard and Wilcox were not acting in good faith or
that they were acting outside the scope of their authority, their quasi-judicial actions were
protected by the doctrine of official immunity.



      Al-Muhammad's third cause of action complains that he was deprived of his "state created
liberty interest rights without due process of law." He alleged that on October 21, 1993, he was
taken before Streetman and Manning and "right after defendants told me I had been charged with
possession of a home-made shank, defendants immediately told me they had decided to place me
on handcuff restriction to monitor my actions, and defendants refused to allow me to give my
version of alleged false shank incident or to be heard in respect to arbitrary imposed handcuff
restriction because said defendants were already predisposed to find against me . . . ." Neither
in his petition nor his brief, however, has he described what "state created liberty interest rights"
were deprived him by the pre-hearing handcuff restriction.


 Furthermore, Streetman's and
Manning's actions with regard to the pre-hearing restriction were quasi-judicial in nature, and,
therefore, protected by official immunity absent an allegation that the officials failed to act in good
faith within the scope of their authority.



      Al-Muhammad's sixth cause of action raises common-law tort claims against Glenn Woodard
for assault and battery. Woodard, however, was not dismissed from the original cause and is,
therefore, not a party to this appeal. Al-Muhammad alleged that on October 24, 1993, Woodard,
"acting alone and in concert [with Hull], deliberately and without any provocation used
unnecessary sadistic force" against him. Although Al-Muhammad raised a valid legal theory
against Woodard, his petition fails to allege what actions Hull took or that he did not act in good
faith within the scope of his authority.



      Al-Muhammad's seventh cause of action purports to be a suit under section 104.001 and
104.002 of the Texas Civil Practices and Remedies Code.


 He contends that Hull negligently
failed to report the use of force alleged in the sixth cause of action and that on October 28, 1993,
Calabro-Young negligently failed to provide medical treatment for his injuries. Sections 104.001
and 104.002, however, deal with state liability to employees against whom damages are adjudged
for the employee's negligence in the course and scope of employment with the state.


 As an
indemnity provision, it provides no basis for direct recovery by Al-Muhammad on his claims for
negligence.



      In Al-Muhammad's fifth cause of action he alleges that Raul Mata, Delphis Benios, and Luann
Tippitt deprived him of his "liberty interest rights to a fair and impartial hearing." According to
his petition, on November 2, 1993, Mata unlawfully and improperly excluded several relevant
witnesses from the major disciplinary hearing and ratified Benois' improper exclusion of another
relevant witness. Al-Muhammad claimed that Benois ordered unknown officers to falsify a report
showing that the witnesses refused to attend the hearing. Finally, he alleged that Tippitt, as Al-Muhammad's appointed counsel substitute for the hearing, "went along with said improper
exclusion of myself and witnesses, and defendant Tippitt also refused to obtain my witnesses'
statements and/or refused to even talk to said witnesses nor myself." Procedural complaints
regarding a disciplinary hearing should be addressed by the inmate on direct appeal from that
hearing. The Disciplinary Rules and Procedures for Inmates provide for appeal from a
disciplinary hearing by utilizing the inmate grievance procedures.


 Only after an inmate has
exhausted his administrative remedies is he free to file suit regarding such a complaint.



      Al-Muhammad's tenth cause of action alleges that Streetman, Garner, and Manning entered
an agreement to deprive him of due process by finding him guilty at the major disciplinary hearing
held on November 2, 1993. However, the fourteenth amendment's due process protections do not
"go so far as to provide for an inmate's satisfaction with the results of a prison disciplinary and
grievance proceeding."


 Furthermore, a hearing officer's role in adjudging an inmate guilty in
a disciplinary hearing is protected by qualified immunity, and an action for violation of due
process is not maintainable unless the inmate alleges facts to show that the officer knew or should
have known that he was acting outside the law.



      Because the record reflects that either the dismissed defendants were protected by immunity
or the dismissed causes alleged no basis for recovery or were barred by failure to exhaust the
available administrative remedies, we conclude that the trial court did not abuse its discretion in
dismissing the enumerated causes of action against the named defendants as having no arguable
basis in law or fact. Therefore, we overrule point of error one.
      In point two Al-Muhammad contends that the trial court abused its discretion by failing to give
him notice or an opportunity to replead before the action was dismissed. The trial court may
dismiss an action under section 13.001 as frivolous or malicious "either before or after service of
process.


 No prior notice is required.


 Furthermore, because an in forma pauperis action can
be dismissed at any time, a pro se litigant has no right to amend his petition before his suit is
dismissed, even when special exceptions have been granted by the court.


 Accordingly, we
overrule point of error two.
      In point three Al-Muhammad contends that the trial court abused its discretion in failing to
have the remaining defendants served. However, the defendants who were not dismissed from the
original action are not parties to the severed cause, from which Al-Muhammad appeals. Even
though we are required to review pro se appeals with "liberality and patience," we have no
jurisdiction to review complaints regarding a cause which is not before us on appeal.


 Therefore,
we overrule point of error three.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 22, 1994
Do not publish